UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AEL FINANCIAL, LLC, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| *versus* | § | |
| | § | |
| | § | |
| DAVID TESSIER, *et al.*, | § | CIVIL ACTION H-07-1133 |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

1.    *Introduction.*

A chiropractor is delinquent in his payments on an equipment lease.  He says that jurisdiction is proper because this case is related to a bankruptcy.  He is wrong; his duty to repay the loan is unrelated to the bankruptcy, and this case will not affect the estate.

2.    *Background.*

AEL is an Illinois limited-liability company with its principle place of business in Buffalo Grove, Illinois.  David Tessier, a resident of Colorado Springs, Colorado, uses the assumed name of Tessier Chiropractic.  Today's Destiny is a supplier of computer equipment.  Today's Destiny is bankrupt, and its case is pending in the Southern District of Texas.

In January 2005, Tessier Chiropractic leased equipment from Today's Destiny.  AEL financed the lease.  Tessier guaranteed the lease.  Under the lease, Tessier was obliged to pay $1,280.00 a month for thirty-six months.

By September 2006, Tessier owed AEL nine and one-half payments totaling $14,366.20 – including taxes and late charges.  As a result of Tessier's default, AEL accelerated payment, and $39,005.20 is now due.  AEL sued in the Circuit Court of Cook County, Illinois, on breach of contract and breach of guaranty.

Tessier removed this case to the United States District Court for the Northern District of Illinois.  Tessier sought referral of this case to the United States Bankruptcy Court for the Southern District of Texas.

AEL's motion to remand was denied.  The court ruled that the case was related to Today's Destiny's bankruptcy and transferred it here.

3.      *Subject Jurisdiction.*

Tessier is a creditor in the bankruptcy of Today's Destiny.  His claim in that suit is based on the equipment he leased from it.  He argues that the two cases are related because AEL financed the lease.

AEL says this dispute is unrelated to the bankruptcy.  It argues that this case is solely about a bailment between AEL and Tessier; therefore, any claim Tessier may have against Today's Destiny is a separate dispute.

Federal courts have jurisdiction when a dispute is related to a bankruptcy.   28 U.S.C. §1334.  A case is related to a bankruptcy when the dispute affects the distribution or availability of property in the debtor's estate.  Bankruptcy courts have no jurisdiction over proceedings beyond that.   "A third party action does not create 'related to' jurisdiction when the asset in question is not a property of the estate."  *In re Trans-End Tech.*, Case No. 95-62168, 1998 Bankr. LEXIS 857, at *10 (Bankr. N.D. Ohio May 28, 1998) (quoting *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 753-54 (5th Cir. 1995)).

This suit is about Tessier's personal commitment to pay AEL.  The asset in question is not the property of the estate.  No overlap exists between Tessier's lease with AEL and potential claims he has in Today's Destiny's bankruptcy.   The lease is simply a bailment for equipment between AEL and Tessier; AEL holds title, and Tessier's obligation to pay.  AEL warranted nothing, and it is not responsible for the quality of the equipment or Tessier's hopes.  Rather, the equipment was leased "as is."  AEL is simply a passive owner for the sole purpose of securing payment.  As it turns out – along with others in the bankruptcy – Tessier is dissatisfied with the performance of the equipment.  That dissatisfaction has no bearing on Tessier's obligations under the financing agreement with AEL.

Put another way, you cannot blame the bank because you chose to buy a faulty car – you still have to pay for it, and your claim against a bankrupt car dealer or manufacturer does not limit your obligation to repay the bank.  AEL's claims against Tessier for delinquent payments is distinct from Today's Destiny's bankruptcy, and its assets and liabilities.  The outcome of this dispute will not increase or decrease the debtor's estate available for distribution.  Jurisdiction does not exist.

4.      *Conclusion.*

        This court lacks subject jurisdiction.  This case will be dismissed.


        Signed on August 22, 2007, at Houston, Texas.




                                        _____
                                              Lynn N. Hughes
                                        United States District Judge